IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARKLEY (UK) LTD. *and* | § | |
| NERIDA TRADING LIMITED | § | |
| | § | |
| *vs.* | § | C.A. NO. H – 13 – 219 |
| | § | ADMIRALTY |
| M/V ATLANTIC DREAM, *her* | § | |
| *tackle, apparel, furniture, equipment,* | § | |
| *etc., et al.* | § | |

## *ORIGINAL  COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Arkley (UK) Ltd. ("Arkley") and Nerida Trading Limited ("Nerida"), bring this Original Complaint against Defendants, the M/V ATLANTIC DREAM, *in rem*, and Atlantic Project Shipping Ltd. ("APSL") and Atlantic Ro–Ro Carriers, Inc. ("Atlantic"), *in personam*, and for causes of action respectfully will prove by a preponderance of the credible evidence:

1.      This action arises from damage and loss to maritime cargos, breaches of maritime contracts and/or maritime torts.  Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2.      Arkley is a foreign business entity organized under law in the United Kingdom with its principal place of business in London.

3.      Nerida is a foreign business entity organized under law in the United Kingdom with its principal place of business in London.

4.      At all times material, APSL owned, managed and/or operated the M/V ATLANTIC DREAM as a common carrier of goods by water for hire between various ports, including the Ports of St. Petersburg, Russia and Houston.  APSL is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. APSL is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although APSL may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, this action arises under federal law and APSL has sufficient national minimum contacts with the United States as a whole.  The exercise of personal jurisdiction over APSL is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving APSL with a summons is effective to establish personal jurisdiction over it.  At the time of filing this Complaint, the M/V ATLANTIC

2

DREAM is berthed at Manchester Terminal at the Port of Houston. APSL can be served by and through the vessel's Master, Chief Mate, Second Officer, Third Officer and/or other deck officer on duty. Alternatively, APSL can be served by serving the Texas Secretary of State. Process or notice can be sent to APSL in care of Subsidiary Company 'Atlantic Ship Management', 9/12, ul Tenistaya 19B, Odessa, 65009, Ukraine.

5.     On information and belief, the property that is the subject of this *in rem* action, the M/V ATLANTIC DREAM, is a general cargo ship built in 1998, registered under law in the Republic of Malta and bearing International Maritime Organization ("IMO") No. 8811352. That property is or will be within the Southern District of Texas while this action is pending.

6.     At all times material, Atlantic chartered, managed and/or operated the M/V ATLANTIC DREAM as a common carrier of goods by water for hire between various ports, including the Ports of St. Petersburg and Houston. Atlantic is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. Atlantic is a

non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although Atlantic may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, this action arises under federal law and Atlantic has sufficient national minimum contacts with the United States as a whole.  The exercise of personal jurisdiction over Atlantic is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving Atlantic with a summons is effective to establish personal jurisdiction over it. Atlantic can be served by serving the Texas Secretary of State.  Process or notice can be sent to Atlantic at 95 River Street, 3rd Floor, Hoboken, New Jersey 07030.

7.     On or about December 6, 2012, Nerida tendered a cargo of steel pipe in good order and condition to Defendants at St. Petersburg.  On or before that date, Defendants had agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Houston the cargo in the same good order and condition as when received, in consideration of paid freight charges.  Defendants acknowledged receipt of the cargo in good order and condition and, accordingly therewith, issued and/or ratified various bills of lading, including Bill of Lading No. SPHU41120080, free of exceptions or other notations for loss or damage, and loaded and stowed the cargo aboard the M/V ATLANTIC DREAM.

8.     On or about December 27, 2012, Arkley tendered cargos of steel pipe in good order and condition to Defendants at St. Petersburg.  On or before that date,

4

Defendants had agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Houston the cargos in the same good order and condition as when received, in consideration of paid freight charges. Defendants acknowledged receipt of the cargos in good order and condition and, accordingly therewith, issued and/or ratified various bills of lading, including Bills of Lading Nos. SPHU41120083 through SPHU41120090, free of exceptions or other notations for loss or damage, and loaded and stowed the cargos aboard the M/V ATLANTIC DREAM.

9.      Thereafter, on or about January 21, 2013, the M/V ATLANTIC DREAM arrived at the Port of Houston where Defendants later discharged the above described cargos, not in the same good order and condition as when received but, on the contrary, much of the cargos was dented, bent, nicked, gouged, smashed, crushed, out of round, loose, mixed, compressed, deformed, wet, damp, contaminated, rusty, corroded, stained and otherwise physically damaged. The damages and losses proximately resulted from Defendants' respective acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire. Alternatively, the loss proximately resulted from the unseaworthiness of the M/V ATLANTIC DREAM.

10.     Plaintiffs proximately have sustained damages exceeding the amount of $500,000, plus interest dating from December 6, 2012, demand for which has been made upon Defendants, but which they refuse to pay.

5

11.    At all times material, Plaintiffs owned the respective cargos and bring this action for themselves and/or as agent(s) and/or trustee(s) for all persons or entities, including any marine cargo underwriters, that are or become interested in the cargos.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Arkley (UK) Ltd. and Nerida Trading Limited pray that: process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V ATLANTIC DREAM, her engines, tackle, apparel, furniture, equipment, *etc*.; all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; they have judgment for their damages, interests, and costs; the M/V ATLANTIC DREAM be condemned and sold to satisfy the damages aforesaid; and,

This Honorable Court adjudge that the M/V ATLANTIC DREAM, *in rem*, and Atlantic Project Shipping Ltd. and Atlantic Ro–Ro Carriers, Inc., *in personam*, are liable to Plaintiffs, jointly and severally, for their alleged damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By_____

    Robert C. Oliver

    State Bar No. 15255700

    S. D. Texas No. 886

    550 Westcott, Suite 230

    Houston, Texas 77007–5096

    Telephone:     (713) 864–2221

    Facsimile:     (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.

State Bar No. 18129000

S. D. Texas No. 889

ATTORNEYS   FOR   PLAINTIFFS

7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARKLEY (UK) LTD. *and* | § | |
| NERIDA TRADING LIMITED | § | |
| | § | |
| *vs*. | § | C.A. NO. H – 13 – 219 |
| | § | ADMIRALTY |
| M/V ATLANTIC DREAM, *her* | § | |
| *tackle, apparel, furniture, equipment,* | § | |
| *etc., et al.* | § | |

## *VERIFICATION*

1.    My name is Robert C. Oliver.  I am the attorney of record for Plaintiffs in this action, Arkley (UK) Ltd. and Nerida Trading Limited.

2.    I prepared and read the attached Original Complaint in this action.

3.    The contents of the Original Complaint are true and correct to the best of my information and belief.  The sources of information forming the basis for my information and belief as to all factual averments in the Original Complaint are: (a) Plaintiffs' reports made to me, (b) my telephone inquiries of local marine bureaus, steamship agents and/or surveyors, (c) my review of today's website entries at Equasis.org and (d) true and correct copies of original invoices, bills of lading and marine survey reports pertaining to the cargos and provided to me by Plaintiffs and/or their respective, authorized representatives.

8

4.     The reason for this verification is that Defendant Atlantic Project Shipping Ltd. ("APSL") is a foreign entity and cannot be found in the Southern District of Texas.

5.     To the best of my information and belief, none of APSL's officers or directors is located within the Southern District of Texas.

6.     To the best of my information and belief, APSL's only known asset within the Southern District of Texas is the M/V ATLANTIC DREAM, now located at Manchester Terminal at the Port of Houston.

7.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I executed this Verification on January 29, 2013.

_____

Robert C. Oliver

9